UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANK VLAHADAMIS,
MARIA VLAHADAMIS,
and HAMPTON BAYS DINER CORP.,

                     Plaintiffs,

      -against-                                               08 CV 2876 (DRH)(AKT)

JAMES KIERNAN,
VINCENT CAGNO,
STEPHEN A. FRANO,
CHERYL KRAFT,
CHRIS HANSEN, and
BRIAN K. WILLIAMS,
*in their individual capacities*;
THE SOUTHAMPTON TOWN POLICE,
THE TOWN OF SOUTHAMPTON,
and JOHN/JANE DOES 1-7,

                     Defendants
------------------------------------------------------------X

## ORDER AMENDING THE SEPTEMBER 28, 2011 MEMORANDUM & ORDER

HURLEY, Senior District Judge:

      By letter dated October 13, 2011, defendants request clarification regarding ambiguous language in my September 28, 2011 Memorandum and Order ("M&O"). The issue arises from the following portions of my M&O, identified by defendants and excerpted below:

> The record, however, only provides evidence that Kiernan may have been involved in the conspiracy. No evidence exists that the other individuals were personally involved. Therefore the conspiracy claim may move forward as against defendant Kiernan, but is dismissed as to all other defendants.

(M&O at 40.)

> For the reasons stated above, plaintiffs' selective enforcement Equal Protection claims regarding the referral of their

> change-of-use violation to the SLA, and their conspiracy claims may proceed to trial only as against defendants Frano, Kiernan, the Town of Southampton and the Southampton Town Police. Summary judgment is awarded to defendants on all other claims, which are hereby dismissed.

(M&O at 43-44.)

The second paragraph above (i.e. the M&O's concluding paragraph) is incorrectly worded. A reasonable reading of that paragraph, considered in isolation, would suggest that both the selective enforcement and conspiracy claims could proceed against all four of the listed defendants. Such an interpretation would be out of synch with the Court's earlier stated conclusions regarding these claims. Accordingly, the Court's September 28, 2011 M&O is hereby amended to replace the decision's final paragraph with the following:

> For the reasons stated above, plaintiffs' selective enforcement Equal Protection claims regarding the referral of their change-of-use violations to the SLA, may proceed to trial only as against defendants Frano, Kiernan, the Town of Southampton and the Southampton Town Police. Plaintiffs' conspiracy claims may proceed only as to defendant Kiernan. Summary judgment is awarded to defendants on all other claims, which are hereby dismissed.

SO ORDERED.

Dated:  Central Islip, New York
        October 28, 2011                                  /s/
                                                  Denis R. Hurley
                                                  United States District Judge