```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRANK VLAHADAMIS,
MARIA VLAHADAMIS,
and HAMPTON BAYS DINER CORP.,

                          Plaintiffs,

       -against-                                             ORDER
                                                             08 CV 2876 (DRH)(AKT)
JAMES KIERNAN,
STEPHEN A. FRANO,
THE SOUTHAMPTON TOWN POLICE,
and THE TOWN OF SOUTHAMPTON,

                          Defendants
-----------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

Before the Court is plaintiffs' motion for reconsideration of the September 28, 2011 Memorandum and Order ("M&O"), which granted in part and denied in part defendants' motion for summary judgment. *See Vlahadamis v. Kiernan*, No. 08 CV 2876 (DRH)(AKT), 2011 U.S. Dist. LEXIS 115152 (E.D.N.Y. Sept. 28, 2011). For the reasons that follow, plaintiffs' motion is denied.

## BACKGROUND

The underlying facts of this action are detailed in the Court's September 28, 2011 M&O. A familiarity with the case is therefore assumed for present purposes; only those facts necessary for the disposition of plaintiffs' motion for reconsideration are set forth below.

Plaintiffs seek reconsideration of the M&O on the grounds that "the Court overlooked and/or misapplied the law with respect to the defendants' complaints to the State Liquor Authority (SLA) alleging that the plaintiffs had knowledge of or permitted the drug sales to

occur on the Diner premises." (Plaintiffs' Motion for Reconsideration ("Ps' Mot.") at 1, docket no. 56.) Plaintiffs contend that the Court dismissed all of the claims pertaining to defendants' referrals to the SLA on Equal Protection grounds, but overlooked other causes of action arising from these particular facts. Specifically, plaintiffs argue that defendants' "undercover drug operations" and their referral of purportedly "baseless" complaints regarding the Hampton Bays Diner to the SLA "constituted official *retaliation* for the plaintiffs['] clearly established right to cater to Hispanic clientele, which is a violation of 42 U.S.C. § 1983 . . . ." (Ps' Mot. at 4 (emphasis added).) Plaintiffs ask that the Court reconsider the dismissal of their claims as they relate to this purportedly retaliatory conduct.

## DISCUSSION

### I. STANDARD OF REVIEW

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690(MBM), 2000 U.S. Dist. LEXIS 596, at *2 (S.D.N.Y. Jan. 18, 2000)).

## II. APPLICATION

### a. Plaintiffs Fail to Identify the Right Underlying an Additional §1983 Claim

According to plaintiffs, they "allege in their complaint that they possessed a clearly established right to cater to Hispanic clientele and the defendants retaliated against the exercise of such a right by, *inter alia*, engaging in undercover drug operations on the premises and then submitting complaints to the SLA . . . in an effort to prevent the plaintiffs from continuing to draw Hispanics into their restaurant, and to punish them for doing so in the first instance . . . ." (Ps' Mot. at 2.) Plaintiffs then cite to several sections of the complaint which set forth a number of factual allegations related to this conduct. Among these cited portions of the complaint, however, the only paragraphs that identify a legal cause of action, or cite to any law, reference Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*. (Compl. ¶¶ 268-71.) [1]

Plaintiffs' claims under Title II were analyzed in the M&O and subsequently dismissed. *Vlahadamis*, 2011 U.S. Dist. LEXIS 115152 at *15-*17. Plaintiffs do not dispute this fact in

---

[1] These Title II claims appear in the cited paragraphs of the complaint under the header "Count One – Equal Protection Claims under the Fifth and Fourteenth Amendments of the U.S. Constitution."

3

their motion for reconsideration, nor do they question the Court's conclusion regarding these Title II claims. Rather, plaintiffs concede that they "may have cited an inapplicable section of law (42 U.S.C. §2000a)," but nevertheless contend that a cause of action lies within the alleged facts for a "violation of 42 U.S.C. § 1983" (hereinafter "§1983"). (Ps' Mot. at 2.)

As an initial matter, plaintiffs' argument that the defendants' conduct constituted a "violation" of §1983, highlights a fundamental misunderstanding of the import and operation of that statute. In essence, section 1983 gives litigants the procedural vehicle to vindicate various federally protected rights violated by individuals acting under color of state law. Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)(citing *Baker v. McCollan*, 443 U.S. 137, 140, 144, n. 3 (1979)). Therefore, for plaintiffs to prevail in this action under §1983, they must identify a specific underlying right, "established elsewhere," that defendants allegedly violated. In the context of their motion for reconsideration, plaintiffs have failed in this regard.

The M&O addressed five causes of action alleged in the complaint: Title II, Equal Protection, Due Process, Conspiracy, and Malicious Prosecution. Only the Equal Protection and Conspiracy claims were allowed to proceed. The complaint does not identify an additional right underlying plaintiffs' purported §1983 claim that was not addressed by the M&O. Furthermore, neither plaintiffs' memorandum in opposition to defendants' motion for summary judgment nor their present motion for reconsideration makes any effort to identify this additional right. The motion merely suggests, in rather vague terms, that the defendants' alleged conduct amounted to "retaliation for the plaintiffs['] clearly established right to cater to Hispanic clientele." (Ps' Mot.

4

at 2.)

Plaintiffs' citations to case law in their motion—none of which refer to cases from this Circuit—offer no further guidance on the matter. For example, in support of the proposition that plaintiffs possess a "clearly established right to cater to all persons, including Hispanic clientele, without fear of retaliation," they cite to language of a Ninth Circuit prisoner-rights case, *see Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994), which sets forth the standard for qualified immunity. Not only is this citation inapposite to plaintiffs' proposition and the facts of this case, the Court previously resolved the issue of qualified immunity in plaintiffs' favor, holding that defendants were not entitled to such immunity at summary judgment. (M&O at 42-43.) Likewise, plaintiffs cite to two other cases, *Scott v. Greenville County*, 716 F.2d 1409 (4th Cir. 1983) and *Des Vergnes v. Seekonk Water Dist.*, 601 F.2d 9, 17 (1st Cir. 1979), in which the causes of action underlying the §1983 claims involved violations of the Equal Protection Clause – the very same cause of action which the Court analyzed at great length in the M&O and held may proceed to trial in part. The only citation from plaintiff that is even remotely related to the present issues and facts is *Howland v. Kilquist*, 833 F.2d 639 (7th Cir. 1987), and that case involved a prisoner's claim for retaliation for exercising his First Amendment right to access the courts.[2]

As presented, plaintiffs' papers simply do not articulate precisely what law or cause of action the Court purportedly "overlooked" in its M&O. Moreover, even if the motion for reconsideration had identified a specific underlying right, which it did not, it was "not previously presented to the Court," *See Stroh*, 265 F.3d at 115, and cannot be the subject of this motion for

---

[2] The applicability of the First Amendment to plaintiffs' case is discussed in more depth below.

5

reconsideration. Plaintiffs' motion is therefore denied.

### b. Plaintiffs Abandoned their First Amendment Claims

Although plaintiffs' motion for reconsideration makes no attempt to identify specific causes of action that should have been allowed to proceed, in giving the plaintiffs the benefit of the doubt and their complaint a liberal read, the Court notes that the plaintiffs' citation in the complaint to the First Amendment's right to freedom of association is similar in effect to the vague and unspecified "retaliatory" causes of action that plaintiffs refer to in their present motion.

Under Count Two of the Complaint, which alleges due process violations, plaintiffs allege the following:

> At all times described [in the complaint], the plaintiffs also possessed clearly established rights to associate with any persons they see fit, including but not limited to persons of Hispanic ancestry, as guaranteed under the First Amendment.

(Compl. ¶ 312.)

The complaint identifies this purported First Amendment right as among the liberty interests that the defendants were alleged to have deprived the plaintiffs of without due process, "by undertaking deliberate actions intended to 'punish' the plaintiffs for having solicited and served customers of Hispanic ancestry, and to 'chill' the plaintiffs' exercise of their rights to do the same." (Compl. ¶ 314.) The complaint further alleges that the fear of "further retaliatory acts by the defendants" "compelled" plaintiffs to stop holding "Hispanic Night" at their establishment.[3] (Compl. ¶ 317.)

---

[3] In the fact section of the complaint, plaintiffs also allege that "[a]s a further result of the defendants'

6

These claims, however, were not "overlooked" by the Court. The section of the M&O addressing plaintiffs' due process causes of action, under which the above references to the First Amendment are made, states the following:

> Plaintiffs' Complaint claims violations of both procedural and substantive due process, identifying a number of rights and vested interests denied by defendants, including their First Amendment right to association. (Compl. Counts 1-2.) However, in their opposition to defendants' motion, they identify only their right to "pursue the operation of their restaurant free of racial discrimination, racial segregation and to be free of actions . . . to punish them for serving customers of any race or origin . . . ."[ ] [Plaintiffs' Memo in Opposition to Defendants' Motion for Summary Judgment ("Ps' Memo") at 23]. They locate this interest within their larger right to "follow their chosen business and profession free from arbitrary and unreasonable governmental interference." (Ps' Memo at 22 (citing cases).)

(M&O at 35-36.)

Accordingly, in a footnote, the Court added that the "plaintiffs' memorandum no longer asserts any First Amendment rights within their due process claim." (M&O at 36 n.24.) Indeed, plaintiffs' opposition omitted discussion of any First Amendment claim alleged in the complaint notwithstanding the fact that defendants addressed both the due process claims (*see* Defendants' Memorandum of Law in Support of the Motion for Summary Judgment ("Ds' Memo") at 11-14), as well as the underlying First Amendment claims, (*see* Ds' Memo at 18-20) in their memorandum of law. The Court, therefore declined to address claims that plaintiffs had thereby abandoned. *See, e.g., Johnson v. FedEx Home Delivery*, No. 04-CV-4935 (JG)(VVP), 2011 U.S. Dist. LEXIS 142425 at *22 (E.D.N.Y. Dec. 12, 2011)("By failing to respond at all to

---

conduct, the defendants have successfully 'chilled' the plaintiffs' exercise of their right to Freedom of Association, as guaranteed by the First Amendment." (Compl. ¶ 214.)

[defendant's] federal law arguments, the [plaintiffs] have abandoned any federal law claims."); *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003)("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way."); *Singleton v. City of Newburgh*, 1 F. Supp. 2d 306, 312 (S.D.N.Y. 1998)(Claims alleged in a complaint but "not raised elsewhere in the record," are deemed "abandoned" for the purpose of granting defendants' motion for summary judgment).

Notably, it is far from clear from the present motion if the First Amendment is even the source of the vague "retaliatory" right that plaintiffs now assert. Nevertheless, by failing to respond to defendants arguments on this point, and failing to otherwise address the issue, they effectively abandoned these First Amendment claims.

    c. **Plaintiffs' First Amendment Claim Fails on the Merits**

Presuming for present purposes that plaintiffs had actually identified the First Amendment in their motion for reconsideration as the right underlying a §1983 claim, and assuming *arguendo* that plaintiffs had not previously abandoned their First Amendment claim, that claim would nevertheless fail on the merits.

To prevail on a First Amendment retaliation claim against a public official, the plaintiff must show that: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010)(citing *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)).

The First Amendment interest allegedly at issue here is the freedom of association, or more specifically, the freedom of expressive association.[4] However, there is no broad right to associate in a purely social context. *See Dallas v. Stanglin*, 490 U.S. 19, 25 (1989)("[W]e do not think the Constitution recognizes a generalized right of 'social association.'"). Rather, the freedom of expressive association involves the "right to associate for the purpose of engaging in those activities protected by the First Amendment -- speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts*, 468 U.S. at 618. Plaintiffs do not allege that their Hispanic patrons assembled at the Diner for these purposes, and therefore cannot successfully assert a retaliation claim based on the right to expressive association. *Accord Stanglin*, 490 U.S. at 24-26 (holding that a city ordinance restricting admission to dance halls to certain ages did not impinge in a First Amendment right).

Therefore, even if plaintiffs had undertaken the necessary efforts to prosecute a First Amendment retaliation claim, under the facts in the record, that claim would have failed on the merits.

## III.   NO FURTHER BRIEFING

Although plaintiffs' motion for reconsideration is denied primarily for failing to identify a legal cause of action, they will nonetheless not be granted the "opportunity to further brief this issue," as requested in their motion. Under Local Civil Rule 6.3, a party has fourteen days from the entry of the Court's Order to seek reconsideration. This rule specifically states that "[t]here

---

[4] Courts distinguish between the freedom of "expressive association," which may be necessary "to speak, to worship, and to petition the government for the redress of grievances," and the freedom of "intimate association," which implicates "highly personal relationships." *Roberts v. United States Jaycees*, 468 U.S. 609, 617-23. As the business/customer relationship present here is not of a "highly personal" nature, only the former type of association is relevant to plaintiffs' case.

9

shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. The time for briefing the issues occurred when plaintiffs filed the instant letter motion, not after. Plaintiffs therefore cannot save their motion from a full review on the papers submitted by suggesting that a more complete articulation of their position awaits a more in-depth briefing. While the Court does not penalize plaintiffs here for failing to file a notice of motion and accompanying memorandum, it will certainly not allow them a second attempt to frame their arguments.

## CONCLUSION

As a final note, plaintiffs' motion for reconsideration conveys a largely visceral reaction to the result reached in the M&O. In essence, plaintiffs believe they were "retaliated" against by public officials merely because they chose to cater to an Hispanic clientele. However, the alleged conduct for which they ultimately seek redress appears to be "retaliatory" only as the term is understood in common parlance, not as it is defined in a legal context. The alleged activity that plaintiffs find objectionable actually speaks to direct violations of constitutional rights, not to retaliation for the exercise of these rights. The remedies for such violations, generally, fall under the types Equal Protection and Conspiracy claims that were addressed in the M&O, and which will proceed to trial next month – albeit in a narrower form than what plaintiffs may ultimately desire.

For the reasons set forth above, the Court denies plaintiffs' motion for reconsideration. This case shall proceed to trial on the claims set forth in the Court's M&O, and the amending

Order dated October 28, 2011.  Jury selection is currently scheduled for February 6, 2012 at 9:30 a.m.  All trial materials are therefore due to be filed by January 23, 2012. *See* Individual Rule 6B.

SO ORDERED.


Dated: Central Islip, New York
       January 24, 2012                                                /s
                                                       Denis R. Hurley
                                                       United States District Judge

11