UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANK VLAHADAMIS, MARIA VLAHADAMIS             CV-08-2876
and HAMPTON BAYS DINER CORP.,

                              Plaintiffs,

                                                        **MOTIONS IN LIMINE**

JAMES KIERNAN, STEPHEN FRANO, THE
SOUTHAMPTON TOWN POLICE DEPARTMENT,
THE TOWN OF SOUTHAMPTON, THE NEW YORK

                              Defendants.
------------------------------------------------------------------------X

Defendants submit the following in support of their motions *in limine*.

## PROCEDURAL BACKGROUND

Plaintiffs brought this federal action against the Town of Southampton, its police department and various individual Southampton employees claiming that the defendants violated their Fourteenth Amendment equal protection and due process rights, in addition to maliciously prosecuting them and conspiring in violation of 42 USC Section 1985 to violate their civil rights. This Court by decision dated September 28, 2011, in response to defendants' motion for summary judgment dismissed all of plaintiffs' claims with the exception of:

    1) plaintiffs' selective enforcement equal protection claim regarding the defendants' referral of plaintiffs' 'change of use' to the State Liquor Authority, and

    2) plaintiffs' conspiracy claim regarding the investigation and "raid" by the police department and the State Liquor Authority on May 25, 2008.

    Plaintiffs' equal protection claims regarding referrals to the SLA of drug investigations, and plaintiffs' equal protection claims regarding disparate treatment regarding SLA referrals for

minor violations (overflowing open cesspool and inaccurate count) were dismissed. Additionally, plaintiff's equal protection claim arising out of the alleged blocking of the parking lot entrance, display of weapons and search of patron's cars was also dismissed. The malicious prosecution and Title II claims were dismissed. All claims against Vincent Cagno, Cheryl Kraft, Chris Hansen and Brian Williams were dismissed. Plaintiffs' selective enforcement equal protection claim regarding the referral of the change of use violations to the SLA will proceed against defendants Frano, Kiernan, the Town of Southampton and the Southampton Town Police Department. Plaintiff's conspiracy claim will proceed against defendant Kiernan.

**TESTIMONY REGARDING THE ALFARO CASE AND THE MACPHERSON CASE.**

During defendants depositions, plaintiffs' counsel inquired regarding claims made by Richard Alfaro in his federal complaint against the Town of Southampton and Stephen Frano and regarding the claims made by Donald MacPherson in his federal complaint against the Town of Southampton and Stephen Frano. It is respectfully submitted that the unsupported claims made by third parties within federal complaints are hearsay, extremely prejudicial, not relevant, not trustworthy and lacking in probative value.

<u>ALFARO V. TOWN OF SOUTHAMPTON (06-cv-1470; (JS))</u>: Plaintiff Alfaro was represented by Andrew Campanelli, counsel for the plaintiffs herein. The complaint which contained allegations of racial animus was signed by plaintiff Alfaro's counsel. This case was before the Hon. Joanna Seybert, who rendered a decision on summary judgment motion finding among other things, that the plaintiff, Mr. Alfaro, "had not shown that he was treated differently due to impermissible racial considerations" (Exhibit A, p.19).

The allegations contained in the complaint constitute hearsay pursuant to F.R.E. 801 and the complaint and/or Mr. Alfaro's statements do not fall within one of the hearsay exceptions.

Furthermore, any questioning regarding Mr. Alfaro's lawsuit would not be relevant and would be extremely prejudicial. There were no findings made against Mr. Frano and the parties (the Town of Southampton and Mr. Alfaro with respective counsel) entered into a stipulation of settlement which, among other things, included a confidentiality clause. Rules 401, 402, and 403 require that any discussion or testimony about the Alfaro lawsuit be precluded. In the event that this Court should determine that the Alfaro lawsuit is somehow relevant, then it is respectfully submitted that such testimony should be excluded because its probative value is outweighed by the unfair prejudice and confusion it would cause.

The probative value, if any, in this case is *de minimis*. The introduction of facts concerning the Alfaro case could cause the jury to base its decision on something other than the issues in the instant case. Additionally, the jury might give undue weight to the jury's finding against the Town of Southampton. Faigin v. Kelly, 184 F.3d 67, 80 (1st Cir. 1999). Introduction of testimony regarding the Alfaro case, will require the defendants to once again defend the entire matter, requiring a trial within a trial, which will be time consuming and confusing to the jury.

<u>DONALD MACPHERSON V. TOWN OF SOUTHAMPTON (07-CV-3497, (DRH))</u>:

Plaintiff MacPherson brought suit against the Town of Southampton, Stephen Frano and the Town Justices claiming the Town's new rental properties code provisions and the enforcement thereof were unconstitutional. Mr. MacPherson owns residential rental properties within the Town of Southampton. While the town justices were dismissed from the suit, it is still pending before this Court. The complaint was signed by plaintiffs' counsel, Patricia Weiss, Esq.

A review of the complaint indicates that there are no allegations regarding racial animus and that the violations allegedly caused by Mr. Frano, resulted simply from his enforcement of the provisions of a code which the plaintiff believed to be unconstitutional.

It is respectfully submitted that any testimony regarding this matter should be precluded as the content is non-relevant and more importantly constitutes hearsay. (FRE 401,402, 800, 801).

### THE SOUTHAMPTON POLICE DEPARTMENT IS NOT AN ENTITY WHICH IS SUSCEPTIBLE TO SUIT AND SHOULD BE DISMISSED.

The Southampton Town Police Department is a department within the Town of Southampton and as such, is not an entity susceptible to suit. Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992), Carmody v. Village of Rockville Center, 661 F.Supp.2d 299, 340 (E.D.N.Y. 2009); Aguilera v. County of Nassau, 425 F.Supp.2d 320, 323 (E.D.N.Y. 2006).

In this case the plaintiff is also suing the Town of Southampton, accordingly, it is redundant to have the Southampton Town Police Department as a defendant, and removal of the police department as a defendant would not prejudice the plaintiffs.

### THE HAMPTON BAYS DINER CORP. IS THE REAL PARTY IN INTEREST.

The SLA referrals were made against the licensee, Hampton Bays Diner, Corp. Plaintiff Maria Vlahadames is the president and the sole officer of the corporation. Plaintiff Frank Vlahadames is the manager of the corporation. It is the corporation, Hampton Bays Diner, Inc. that is the real party in interest. Individual claimants cannot, as a matter of law, assert a cause of action for wrongdoing done to a corporation. Spear, Leeds & Kellogg, 291 A.D.2d 255, 256, 738 N.Y.S.2d 27, 28 (1st Dept. 2002). *See also*: Richbell Information Services, Inc. v. Jupiter

Partners, LP, 309 A.D.2d 288, 765 N.Y.S.2d 575 (1ˢᵗ Dept. 2003), *citing* Uribe v. Merchants Bank of New York, 657 N.Y.S.2d 613, *aff'd* 91 N.Y.2d 336, 670 N.Y.S.2d 393, 693 N.E.2d 740 (1998).

Accordingly, it is requested that Maria Vlahadames and Frank Vlahadames be removed from this suit as plaintiffs, since they are not real parties in interest and cannot assert a cause on behalf of Hampton Bays Diner, Inc.

Dated:  Smithtown, New York
        January 31, 2012

                                        Respectfully submitted,

                                        /S/

                                        Jeltje deJong
                                        Attorney for the Defendants



Dated:  Smithtown, New York
        January 31, 2011




WHEREFORE, it is respectfully requested that this Court grant defendants' motion for summary judgment and dismiss the complaint in its entirety, and grant such further relief as this court shall deem proper.

Dated: Smithtown, New York
March 1, 2010

/S/ _____
KELLY E. WRIGHT (KW 3904)